SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM L. WITHAM, JR.
*RESIDENT JUDGE*

KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
TELEPHONE (302) 739-5332

July 21, 2016

Shaun E. Carpenter, SBI #00563667
James T Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Re:     *State v. Shaun E. Carpenter*
        I.D. No. 1305007301
        *Letter Decision on Defendant's Motion for Reconsideration*

Dear Mr. Carpenter:

Petitioner Shaun E. Carpenter moves this Court to reconsider its denial of his previous motions denying appointment of counsel. Where the Superior Court Rules of Criminal Procedure provide no rule governing a particular practice, that practice is governed by the Superior Court Rules of Civil Procedure.[1] Thus, a motion for reconsideration in a criminal case is governed by the rule for reargument in Super Court Rule of Civil Procedure 59(e).[2] A motion for reargument pursuant to Rule

---

[1] Super. Ct. Crim. R. 57(d) ( "In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court.").

[2] Super. Ct. Civ. R. 59(e) states:
Rearguments. A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor. Within 5 days after service of such motion, the opposing party may serve and file a brief answer to each ground asserted in the motion. The Court will determine from the motion and answer whether reargument will be granted. A copy of the motion and answer shall be furnished forthwith by the respective parties serving them to the Judge involved.

59(e) must be filed within five days after the filing of the Court's opinion or decision, and will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[3] A motion for reargument is not an opportunity for a party to rehash arguments already decided by the Court or to present new arguments not previously raised.[4] In order for the motion to be granted, the movant must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[5]

The time constraint contained in Rule 59(e) is jurisdictional. The rule requires that "[a] motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision." Superior Court Civil Rule 6 allows the court to grant an enlargement of time in certain circumstances, but specifically states that the court "may not extend the time for taking any action under Rules 50(b), 59(b), (d) and (e), 60(b), except to the extent and under the conditions stated in them." The Court has twice denied Carpenter's request to have counsel appointed. The most recent denial was entered on May 27, 2016. Carpenter had until June 3, 2016 to file his motion for reconsideration. The motion was not filed until June 13, 2016, fifteen days after the order was entered. Thus, the Court lacks jurisdiction to hear the motion at bar.

Assuming *arguendo* that the Court did have jurisdiction, the motion would

---

[3] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

[4] *Id.*; *Hennegan v. Cardiology Consultants, P.A.*, 2008 WL 4152678, at *1 (Del. Super. Sept. 9, 2009) (citing *Denison v. Redefer*, 2006 WL 1679580, at *2 (Del. Super. Mar. 31, 2006)).

[5] *Brenner v. Village Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).

have been denied. The appointment of counsel under Superior Court Criminal Rule 61(e)(2) is discretionary.[6] The success of Carpenter's motion rested on his ability to convince the Court that the motion set forth a substantial claim. Carpenter claimed that he received ineffective assistance of counsel when entering his guilty plea. Carpenter's argument is grounded in the theory that the Public Defender misunderstood the sentencing guidelines. The Public Defender mistakenly informed Carpenter that he was facing a minimum sentence of 10 years if convicted of his crimes when in fact the minimum sentence would have been eight years.[7] The legality of the sentence has already been considered and upheld by the Supreme Court of Delaware.[8] Carpenter makes no claim of actual innocence or that he would have rejected a plea deal for ten years if he had known the minimum mandatory time was

---

[6] Super. Ct. Crim. R. 61(e)(2) states:

> (2) First postconviction motions in guilty plea cases. The judge may appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere only if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.

[7] 11 *Del. C.* § 4214(a) states that "any person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal . . . ." 8 years is the maximum time for a Class D Felony, and therefore the minimum mandatory sentence for Carpenter.

[8] *Carpenter v. State*, 2015 WL 345595, at *1 (Del. May 28, 2015).

eight years. The State was aware of the correct guidelines,[9] and still offered a sentence of ten years rather than eight years. Nothing in the record indicates that the State would have made an offer of eight years or that Carpenter would have rejected an offer of ten years if he had been aware that the actual minimum was eight years.

For the foregoing reasons, Carpenter's motion to reconsider appointment of counsel is **DENIED**.

IT IS SO ORDERED.

_____
Resident Judge

WLW/dmh
oc:   Prothonotary
xc:   Shaun E. Carpenter, *pro se*
      Jason C. Cohee, Esquire
      Suzanne MacPherson-Johnson, Esquire

---

[9] At sentencing, the State noted that there had been recent changes to the code, and that Carpenter committed the relevant offense before the changes went into effect. *See* Transcript of Plea and Sentencing at 5, *State v. Carpenter*, No. 1305007301 (Del. Super. May 5, 2014).